IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

DONALD FREEMAN

       Plaintiff,

vs.               )

                 )

TERRY RAY MITCHELL., et al.,  )

                 )

       Defendants.      )

CASE NO.: 3:08-CV-104-WKW

2008 FEB 13 A 10: 05

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

---

## PETITION OF REMOVAL

---

Pursuant to 28 U.S.C. §1441 et seq., **TERRY RAY MITCHELL and JANICE MITCHELL d/b/a MITCHELL ENTERPRISE,** ("Mitchell Defendants"), hereby give notice of the removal of this action from the Circuit Court of Russell County, Alabama to the United States District Court for the Middle District of Alabama, Eastern Division, and as grounds for said removal states as follows:

1.    The Plaintiffs filed this action on or about January 17, 2008 in the Circuit Court of Russell County, Alabama. The case was assigned civil action number CV-08-24 and styled as: *Donald Freeman v. Terry Ray Mitchell and Janice Mitchell d/b/a Mitchell Enterprise.*

2.    The Mitchell Defendants were served with the summons and complaint via

private process server on or about January 22, 2008, and this notice of removal is timely filed.

3.  As required by 28 U.S.C. §1446(a), attached hereto as **Exhibit A** is a copy of all process, pleadings and orders served upon the Mitchell Defendants.

4.  A true and correct copy of this Notice of Removal will be filed with the Clerk of the Court of Russell County and will be served on all parties.

## COMPLETE DIVERSITY

5.  The complaint alleges that the plaintiff, Donald Freeman, was injured on or about March 2, 2006 when a tractor-trailer owned and operated by Mitchell Enterprise and driven by Terry Mitchell in the course of Mitchell Enterprise's business, as a common/contract carrier, was involved in a collision with Freeman's vehicle. The complaint further avers the vehicle being driven by Terry Mitchell ran a red light and struck the Freeman vehicle causing severe and painful bodily injuries to Plaintiff Freeman.

6.  Upon information and belief, Plaintiff Donald Freeman is a resident of Phenix City, Russell County, Alabama. Defendant Terry Mitchell is a resident of Georgia and Defendant Janice Mitchell d/b/a Mitchell Enterprise is a Georgia corporation with its principal place of business in Georgia.

7.  Pursuant to 28 U.S.C. §1441(a) the citizenship of fictitious defendants is

disregarded for purposes of removal.

8.   Section 28 U.S.C. §1441 allows the removal of an action to Federal Court when there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000.00.

9.   Removal of this action is proper under 28 U.S.C. §1441(a) because the court has original jurisdiction of this action pursuant to 28 U.S.C. §1332.

## AMOUNT IN CONTROVERSY

10.  The Defendants respectfully submit that the amount in controversy in this case is satisfied. The plaintiff has failed to specify or otherwise make claim for a specific monetary amount of damages in their complaint. Therefore, the Mitchell Defendants must prove by a preponderance of the evidence that the amount in controversy actually exceeds the $75,000.00 jurisdictional requirement. *See Federated Mutual Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003).

11.  While not expressed in the body of the complaint, it is the understanding and belief of this Defendant that the plaintiff suffered the following injuries:

   a.   Probable small complete rotator cuff tear; and
   b.   Probable superior labral tear.

(See January 9, 2007 letter from J. Benjamin Burns, attached hereto as **Exhibit B**.)

Page 3 of 7

12.    On or about January 9, 2007, counsel for the Plaintiff corresponded to an adjuster for these Defendants' insurance carrier and communicated a settlement demand to the insurance company adjuster in the amount of $650,000.00 (See January 9, 2007 letter from J. Benjamin Burns, attached hereto as **Exhibit B**.)

13.    In addition to seeking compensatory damages for the injuries allegedly suffered by the Plaintiff, the complaint makes demand or otherwise seeks both compensatory and punitive damages.

14.    Again, while the plaintiff has not expressly described his alleged injuries in his complaint, the alleged injuries suffered by the Plaintiff are described and discussed in the letter dated with January 9, 2007 letter from J. Benjamin Burns, which is attached hereto as **Exhibit B**. The letter clearly demonstrates that when the Plaintiff's claims are presented to a jury, it is more likely than not that he will seek compensatory damages in excess of $75,000.

15.    Similarly, in determining the amount in controversy, the court should also consider the fact that the Plaintiff will likely seek to recover punitive damages. Prospective punitive damages must be considered when calculating the amount in controversy unless it is apparent to a legal certainty that they cannot be recovered; *Holly Equipment Company v. Credit Alliance Corporation*; 821 F.2d 1531, 1535 (11th Cir. 1987). While courts have been more likely to

reduce awards of punitive damages, it is not uncommon for punitive damage awards of three times the compensatory awards to be upheld. In such a case as this, a compensatory award for as little as $20,000, when coupled with the punitive damage award of three times that, would exceed the jurisdictional minimum of this court. As discussed, the Plaintiff seeks to recover exemplary (or punitive) damages in this case. Similarly, a review of the Alabama Jury Verdict Reporter, Third Edition, January 2005, reveals that the median punitive damage award in Alabama during 2002, 2003 and 2004 exceeded the jurisdictional minimums of this court.

16. However, if the Plaintiff contends that the amount in controversy is less than $75,000.00 at the trial of the matter in state court, then this Defendant will consent to remand.

17. 28 U.S.C. §1446(b) provides only that a Notice of Removal contain a "short and plain statement of the grounds for removal." That statute does not provide for an evidentiary submission with a Notice of Removal. 28 U.S.C. §1446(c)(5) does provide for evidentiary hearings by subsequent court order. If the Plaintiff contests that $75,000 is in controversy or if this court believes the issue requires a further evidentiary hearing, the Mitchell Defendants request that limited discovery be permitted on that issue.

## CONCLUSION

For the reasons stated herein, this court has original jurisdiction over this action pursuant to 28 U.S.C. §1332(a).

Respectfully Submitted,

K. Donald Simms (ASB-9801-M63K)
Counsel for Defendants,
Terry Ray Mitchell and Janice Mitchell
d/b/a Mitchell Enterprise

**OF COUNSEL:**

WHITAKER, MUDD, SIMMS, LUKE & WELLS, LLC
2001 Park Place North
400 Park Place Tower
Birmingham, Alabama 35203
(205) 639-5300
(205) 639-5350    Fax
ksimms@wmslawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing pleading on counsel as follows via United States Mail, first-class postage pre-paid and properly addressed, on this the 11th day of February, 2008.

ATTORNEYS OF RECORD:

Stephen J. Hodges
4865 Spring Ridge Drive
Columbus, Ga 31909
(706) 323-6461
(706) 571-0765      fax
steve@philips-branch.com


J. Benjamin Burns
J. Benjamin Burns, P.C.
818 Broadway
Columbus, Ga 31902
(706) 322-3414
(706) 322-3123      fax
jbenjaminburns@aol.com

OF COUNSEL

# EXHIBIT A

| State of Alabama Unified Judicial System | SUMMONS -CIVIL- | Case Number |
|---|---|---|
| Form C-34    Rev 6/88 | | CV-08-024 |

IN THE  Circuit                              COURT OF  Russell                              COUNTY

Plaintiff  Donald Freeman                    v.  Defendant  Terry Ray Mitchell, Individually and Janice Mitchell d/b/a Mitchell Enterprise, et.al.

NOTICE TO  Terry Ray Mitchell

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY  Stephen J. Hodges          WHOSE ADDRESS IS   1415 Wynnton Road, P.O. Box 2808, Columbus, Georgia 31902

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN   30   DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the Alabama Rules of Civil Procedure:

[X] You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant.

[ ] Service by certified mail of this summons is initiated upon the written request of _____ pursuant to the Alabama Rules of Civil Procedure.

Date Jan 17, 2007        Kathy Coulter        By: _____
                         Clerk/Register

[ ] Certified Mail is hereby requested.        _____
                              Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

[ ] Return receipt of certified mail received in this office on _____

[X] I certify that I personally delivered a copy of the Summons and Complaint to  Terry Mitchell
                                                  (Date)
498 Ray North Rd, Carrollton  in  Carroll  County,
GA Alabama on  01/22/08  .
                (Date)

01/22/08                    Sherrie J. Duke
Date                        Server's Signature
Private                     841 Joe Cook Rd
Type of Process Server      Address of Server
                            Franklin, GA 30217
                            (706) 854-7797
                            Phone Number of Server

| State of Alabama<br>Unified Judicial System<br><br>Form C-34    Rev 6/88 | SUMMONS<br>-CIVIL- | Case Number<br><br>Cv-08-024 |
|---|---|---|

IN THE __Circuit__ COURT OF __Russell__ COUNTY

Plaintiff __Donald Freeman__ v. Defendant __Terry Ray Mitchell, Individually and Janice Mitchell d/b/a Mitchell Enterprise, et.al.__

NOTICE TO __Janice Mitchell__

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADDMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY __Stephen J. Hodges__ WHOSE ADDRESS IS __1415 Wynnton Road, P.O. Box 2808, Columbus, Georgia 31902__

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN __30__ DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the Alabama Rules of Civil Procedure:

[X] You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant.

[ ] Service by certified mail of this summons is initiated upon the written request of _____ pursuant to the Alabama Rules of Civil Procedure.

Date __Jan 17, 2008__    _____ Clerk/Register    By: _____

[ ] Certified Mail is hereby requested.    _____ Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

[ ] Return receipt of certified mail received in this office on _____ (Date)

[X] I certify that I personally delivered a copy of the Summons and Complaint to __Janice Mitchell__ __P3 Roy North Rd Carrollton__ __Carroll__ County, Alabama on __01/22/08__ (Date)

Date __01/22/08__

Type of Process Server __Private__

Server's Signature __Sherrie J. ____
Address of Server __842 Tom Cook Rd__
__Franklin, Ga 30217__
Phone Number of Server __(770) 854-7777__

COPY

IN THE CIRCUIT COURT OF RUSSELL COUNTY
STATE OF ALABAMA

DONALD FREEMAN,                                      )
                                                     )
        Plaintiff,                                   )      Civil Action File No.
                                                     )      CV-08-624
vs.                                                  )
                                                     )
TERRY RAY MITCHELL, Individually, and)
JANICE MITCHELL d/b/a MITCHELL                      )
ENTERPRISE and "X, Y, & Z", individuals             )
and/or corporations, whose true names are           )
unknown to Plaintiff,                               )
        Defendants.                                  )
                                                     )

COMPLAINT

COMES NOW Plaintiff, DONALD FREEMAN(hereinafter referred to as the "Plaintiff")

and files this his Complaint for damages against Defendants, TERRY RAY MITCHELL,

Individually, (hereinafter referred to as "Defendant TERRY MITCHELL"), JANICE

MITCHELL d/b/a MITCHELL ENTERPRISE(hereinafter referred to as "MITCHELL

ENTERPRISE"), and "X, Y & Z", individuals and/or corporations, whose true names are

unknown to Plaintiff and alleges as follows:

I. PARTIES, JURISDICTION and VENUE

1.

Defendant Terry Mitchell is, and at all times herein mentioned was, a resident of the state

of Georgia. Defendant Terry Mitchell may be served with legal Process at his residence located

at 493 Roy North Road, Carrollton, Georgia 30117. Defendant Terry Mitchell has committed

tortuous acts and such acts had tortuous effect in this state. Defendant Terry Mitchell is subject

to the jurisdiction of this Court.

01-24-2008 22:35    MITCHELL ENTERPRIZE 7702323860                                    PAGE 3

2.

Defendant Mitchell Enterprise, as of March 2, 2006, was a motor common and/or contract carrier with its principal place of doing business in the State of Georgia. Defendant Terry Mitchell operated Defendant Mitchell Enterprise's tractor trailer in the state of Alabama in the course and scope of his employment with Defendant Mitchell Enterpise. Defendant Mitchell Enterprise can be served with legal process at its place of business 493 Roy North Road, Carrollton, Georgia 30117.

3.

Defendants "X,Y & Z," individuals and/or corporations, whose true names are unknown to Plaintiff, are indivduals and/or corporations that committed a tort against the Plaintiff and are subject to the jurisdiction of this Court.

4.

On or about March 2, 2006 in Russell County, Alabama, a tractor-trailer owned and operated by Defendant Mitchell Enterprise, driven by Defendant Terry Mitchell in the course of Mitchell Enterprise's business, as a common/contract carrier, was involved in a collision with Plaintiff's vehicle.

5.

The claims asserted by Plaintiff against these Defendants in this civil action arose out of the above-referenced collision. Defendant Terry Mitchell's negligence and his reckless and wanton acts while in the course and scope of his employment for Defendant Mitchell Enterprise caused and contributed to the collision and injuries to Plaintiff.

2

03-MAY-2008 22:35     MITCHELL ENTERPRIZE 7708323980                                    PAGE4

with U.S. Highway 280 in Phenix City, Russell County, Alabama.

12.

On that same date and time, Defendant Terry Mitchell, in a vehicle owned by Defendant Mitchell Enterprise, was traveling south on U.S. 280 at its intersection with 13th Street in Phenix City, Russell County, Alabama.

13.

Defendant Terry Mitchell, in a vehicle owned by Defendant Mitchell Enterprise, had a red light. As Plaintiff entered the intersection on a green light, Defendant Terry Mitchell failed to stop for his red light and struck Plaintiff's vehicle on the left front side, causing Plaintiff's vehicle to spin 180 degrees. Terry Ray Mitchell then continued south and the trailer he was pulling then struck the left rear of Plaintiff's vehicle. Terry Ray Mitchell the continued South until he was stopped by a Russell County Deputy Sheriff approximately one mile from the scene of the collision.

14.

As a result of the above-referenced collision, Plaintiff suffered severe and painful injuries to her body and mind.

III. **LIABILITY OF THE DEFENDANTS**

15.

Defendant Mitchell Enyerprise is liable for the following tortious acts and omissions, which include, but are not necessarily limited to, the following:

1.     Under the doctrine of respondeat superior for the tortuous acts and omissions of their their agents and employees, including Terry Ray Mitchell, as set forth below; and

2.     Tortuously failing to properly instruct, train, and supervise its employees or agents,

4

01-04-2008 23:35    MITCHELL ENTERPRIZE  7708323860                                              PAGE5

6.

Jurisdiction and venue is proper in this Court with respect to Defendants Terry Mitchell and Mitchell Enterprise.

## II.  OPERATIVE FACTS

7.

On or about March 2, 2006, Defendant Terry Mitchell was the driver of the 2001 Western Star tractor-trailer owned by Defendant Mitchell Enterprise that was involved in the collision with Plaintiff.

8.

On or about March 2, 2006, Defendant Terry Mitchell was acting within the course and scope of his employment for Defendant Mitchell Enterprise.

9.

Prior to and on or about March 2, 2006, when the collision giving rise to this lawsuit occurred, Defendant Mitchell Enterprise owned and/or operated the subject 2001 Western Star tractor-trailer for use over the public highways.

10.

At the time of the subject collision, Defendant Mitchell Enterprise was a motor common or contract carrier duly registered and properly authorized to operate by the Federal Department of Transportation under a U.S. D.O.T. permit, issued by the Interstate Commerce Commission.

11.

On or about March 2, 2006, Plaintiff was traveling east on 13th Street at its intersection

3

MITCHELL ENTERPRIZE 7708323860                                    PAGE6

and the driver it placed in its tractor-trailer to drive upon the public highways; and

     3.     Tortuously entrusting Defendant Terry Ray Mitchell as a driver of a tractor-trailer when said driver was reckless and incompetent, or, alternatively, negligently relying on agents or employees of all Defendants.

16.

Defendant Terry Ray Mitchell is liable for the following tortuous acts and omissions, which include, but are not necessarily limited to, the following:

     a.     Tortuously failing to properly operate the tractor-trailer and its safety equipment on U.S. 280 in Russell County, Alabama; and

     b.     Violating pertinent rules of the road, with such violations amounting to negligence per se. The pertinent violations include, but are not limited to Failure to stop for a red light, Failure to yield the right of way, failure to keep a proper lookout, etc.

17.

The conduct of all of the Defendants (including "X, Y & Z," individuals and/or corporations), individually and in concert with each other, proximately caused the collision, and the resulting damages and injuries to Plaintiff.

## IV. DAMAGES CLAIMED

18.

The damages claimed by the Plaintiff was proximately caused by the negligent and tortuous acts and omissions of all Defendants, for which they are liable jointly and severally.

19.

The acts of Defendants were reckless, willful and wanton, and showed such callous

5

01-24-2008 22:36   MITCHELL ENTERPRIZE 7709323960                               PAGE

indifference to the rights of others that punitive damages should be imposed in an amount to be

determined by a jury.

## V.  PRAYER FOR RELIEF

### 20.

WHEREFORE, PLAINTIFF prays for judgment against these Defendants as follows:

1.  That Summons be issued requiring the Defendants to appear as provided by law to answer this Complaint;

2.  That Plaintiff have a trial by jury;

3.  That Plaintiff recover compensatory damages for her physical and mental suffering, special damages for her past, present and future medical expenses and special damages for her lost wages, all as permitted under Georgia law;

4.  That Plaintiff recover punitive damages against all Defendants in an amount to be determined by the enlightened conscience of the jury;

6.  For reasonable attorney's fees and costs should Defendants be stubbornly litigious; and

7.  For such other and further relief as is allowed by law and as the court may deem just and proper.

DATED this 17th day of January, 2008.

PHILIPS BRANCH

Stephen J. Hodges
Alabama Bar No. ASB-5817-T36H
Ben B. Philips
Georgia Bar No. 575550

P.O. Box 2808
1415 Wynnton Road
Columbus, GA 31902

6

# EXHIBIT B

# J. BENJAMIN BURNS, P.C.
## ATTORNEY AT LAW

P.O. BOX 1373
818 BROADWAY
COLUMBUS, GEORGIA 31902

TELEPHONE: (706) 322-3414
FACSIMILE: (706) 322-5123
jbenjaminburns@aol.com

January 9, 2007

Mr. David Anderson
Premier Capital Adjustors Inc.
P.O. Box 230218
Montgomery, AL 36123

RE:    Your Insured:      **Janice Mitchell**
       Your File #:       **926116-DA**
       Date of Wreck:     **3/2/2006**
       Our Client:        **Donald Freeman**

Dear Mr. Anderson:

I previously advised you that Donald Freeman was under the care of Dr. Lyle Norwood, an orthopaedic surgeon at Hughston Orthopaedic Clinic. Mr. Freeman injured his left shoulder in this automobile wreck and was being treated by Dr. Norwood with therapy and medications. Dr. Norwood requested a MRI which was performed on April 18, 2006. This MRI indicated a labral tear. Dr. Norwood states in his report of April 27, 2006 that he recommended a athroscopic surgery with a subacrominil decompression for a rotator cuff repair and labrum repair. He advised Mr. Freeman on this visit to contact his secretary in order that she could set up a pre-admit for the surgery at the Hughston Hospital.

At the time of this wreck, Mr. Freeman was employed by the Steeplecrest apartments as a maintenance employee. He had been employed with this company for approximately one (1) year. Three (3) weeks after this accident Mr. Freeman was fired by the manager because he could not carry anything up and down the stairs due to the injury to his shoulder. As a result of this discharge Mr. Freeman lost his health insurance coverage. He was out of work for several months until he found a job on November 1, 2006. He still does not have any health insurance coverage, and no coverage would afford him benefits for a pre-existing injury. The only way that Mr. Freeman can have this surgery is self-pay and he cannot afford the extremely large costs for this surgery. I have been advised by Dr. Norwood that the total surgery cost including the hospital, anesthesiologist, and physical therapy would be between $40,000.00 to $45,000.00.

David Anderson
January 9, 2007
-Page 2-

Your insured driver Terry Ray Mitchell ran a red light and struck Mr. Freeman's Chevrolet pickup truck on the left front, and then the trailer of the vehicle he was operating again struck the rear of Mr. Freeman's pickup truck. Terry Mitchell did not stop for this wreck and continued traveling on Highway 280. A witness at the scene stopped along with a Russell County Deputy Sheriff. The witness pointed out this tractor trailer rig going down the road that struck Mr. Freeman's vehicle and the Deputy Sheriff subsequently stopped your insured vehicle approximately a mile from the scene of this wreck. The Phenix City police department was called to make an investigation. Terry Mitchell told the Phenix City police officer that he saw the light was red but did not want to hit his brakes hard and therefore ran the red light. He further stated that he felt a bump and did not realize that he had struck another vehicle. This is a ridiculous statement in that half of the front fender to the tractor being by Mr. Mitchell was in the bed of the pickup truck driven by Mr. Freeman. Mr. Freeman's vehicle was severely damaged and was a total loss. Mitchell was charged with leaving the scene of an accident and driving while his drivers license was suspended. He appeared in Municipal Court in Phenix City and pled guilty to these two (2) charges.

Our investigation has determined that the reason that Terry Mitchell's driving license was suspended at the time of this wreck was for a previous leaving the scene of a wreck that occurred on March 6, 2005 in Barrow County, Georgia. Terry Mitchell also pled guilty in Barrow County Probate Court on August 13, 2005 to this leaving the scene of an accident. This resulted in his CDL drivers license being suspended and they were suspended at the time of this wreck. Terry Ray Mitchell was driving with a suspended drivers license when he struck Terry Freeman's vehicle when he attempted to leave the scene of this wreck. If he had not been stopped by the Deputy Sheriff that came upon this scene, he would still be traveling down Highway 280. This man had no business driving a tractor trailer rig with a suspended license leaving the scene of a wreck and attempted to flee the scene for a second wreck in which Mr. Freeman was injured. We feel that this case has an extremely strong punitive damage value.

Donald Freeman cannot have the surgery he needs due to no health insurance and his financial condition. He is suffering from the injuries he sustained in this wreck and will continue to suffer until he can have this injury repaired.

I am enclosing the medical records from the Medical Center in Columbus, Georgia where Donald Freeman was initially treated and the records from the Hughston Clinic along with the bills to date in the amount of $ 2,576.06. You will observe Dr. Lyle Norwood's records where he made his diagnosis and recommended the surgery.

David Anderson
January 9, 2007
-Page 3-

We feel that due to the prior leaving the scene of an accident and driving with an expired drivers license and attempting to escape this accident along with the permanent injury Mr. Freeman has incurred, that this case has a value of in excess of one million dollars ($ 1,000,000.00). In an effort to expedite a settlement and allow Mr. Freeman to have this surgery to correct the traumatic injuries sustained to his shoulder corrected, we are extending a good faith offer to conclude this personal injury claim in the amount of $ 650,000.00. After you have reviewed this information, please let me hear from you regarding the possibility of settling this case for this reasonable offer for the serious injuries and horrendous actions of the Defendant driver.

I remain respectfully,

Very truly yours,

J. Benjamin Burns

```
DUPLICATE

Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602003880
Cashier ID: khaynes
Transaction Date: 02/13/2008
Payer Name: WMSLW, LLC
-----------------------------------
CIVIL FILING FEE
 For: WMSLW, LLC
  Case/Party: D-ALM-3-08-CV-000104-001
  Amount:        $350.00
-----------------------------------
CHECK
  Check/Money Order Num: 5084
  Amt Tendered:  $350.00
-----------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00

DONALD FREEMAN V. TERRY RAY
MITCHELL ET AL
```