IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | | |
|---|---|---|
| DONALD FREEMAN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO.: 3:08-cv-00104-WKW |
| | ) | |
| TERRY RAY MITCHELL., et al., | ) | |
| | ) | |
| Defendants. | ) | |

---

**ANSWER OF DEFENDANT JANICE MITCHELL d/b/a MITCHELL ENTERPRISE**

---

**COMES NOW**, the Defendant, Janice Mitchell d/b/a Mitchell Enterprise, by and through the undersigned counsel, and by way of Answer to Plaintiff's Complaint, sets forth and assigns as follows:

## PARTIES, JURISDICTION and VENUE

1.    The averments and allegations of this paragraph are not directed at this defendant; therefore, no response is required. To the extent that the allegations refer to this defendant and a response may be required, this defendant denies said averments and allegations and demands strict proof thereof.

2.    Defendant admits the allegations contained in this paragraph.

3.    Defendant is without sufficient knowledge to admit or deny the material allegations of this paragraph.

4.    Defendant admits the allegations contained in this paragraph.

5.    Defendant denies the allegations contained in this paragraph and demands strict proof thereof.

6.    Defendant denies the allegations contained in this paragraph and demands strict proof thereof.

## OPERATIVE FACTS

7.    Defendant admits the allegations contained in this paragraph.

8.    Defendant admits the allegations contained in this paragraph.

9.    Defendant admits the allegations contained in this paragraph.

10.    Defendant admits the allegations contained in this paragraph.

11.    Defendant is without sufficient knowledge to admit or deny the material allegations of this paragraph.

12.    Defendant admits the allegations contained in this paragraph.

13.    Defendant denies the allegations contained in this paragraph and demands strict proof thereof.

14.    Defendant denies the allegations contained in this paragraph and demands strict proof thereof.

## LIABILITY OF THE DEFENDANTS

15.    Defendant denies the allegations contained in this paragraph and demands strict proof thereof.

16.    Defendant denies the allegations contained in this paragraph and demands strict proof thereof.

17.    Defendant denies the allegations contained in this paragraph and demands strict proof thereof.

## DAMAGES CLAIMED

18.    Defendant denies the allegations contained in this paragraph and demands strict proof thereof.

19.    Defendant denies the allegations contained in this paragraph and demands strict proof thereof.

## PRAYER FOR RELIEF

20.    Defendant denies the allegations contained in this paragraph and demands strict proof thereof.

---

# AFFIRMATIVE DEFENSES

### First Affirmative Defense

This defendant denies each and every material averment not previously admitted herein above and demands strict proof thereof.

### Second Affirmative Defense

This defendant pleads the general issue.

### Third Affirmative Defense

This defendant pleads "last clear chance."

### Fourth Affirmative Defense

This defendant preserves all defenses pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, including but not limited to: (1) lack of jurisdiction over the subject matter; (2) lack of jurisdiction over the person; (3) improper venue; (4) insufficiency of process; (5) insufficiency of service of process; and (7) failure to join a party under Rule 19.

### Fifth Affirmative Defense

This defendant avers that the plaintiff was guilty of contributory negligence on the occasion made the subject of this action.

### Sixth Affirmative Defense

The complaint fails to state a claim upon which relief can be granted.

### Seventh Affirmative Defense

This defendant avers that the plaintiff assumed the risk of injury on the occasion made the subject of this action.

### Eighth Affirmative Defense

This defendant avers that the plaintiff's injuries were proximately caused by the intervening acts of others on the occasion made the subject of this action and defendant pleads efficient intervening cause.

### Ninth Affirmative Defense

This defendant denies that there was any causal relationship or connection between any of its alleged activities and the injuries and damages complained of by the plaintiff.

### Tenth Affirmative Defense

This defendant denies that it is guilty of negligence and/or wantonness as alleged in the plaintiffs' Complaint and denies that any alleged negligence and/or wantonness on its part proximately caused and/or contributed to the injuries and damages complained of by the plaintiff.

### Eleventh Affirmative Defense

This defendant pleads the affirmative defense of sudden emergency.

### Twelfth Affirmative Defense

This defendant pleads the affirmative defense of failure to keep proper lookout.

### Thirteenth Affirmative Defense

This defendant pleads as an affirmative defense that the plaintiff has failed to mitigate plaintiff's damages.

### Fourteenth Affirmative Defense

This Defendant says that all of the Plaintiff's medical expenses have been paid by the plaintiff's medical insurance carrier(s), or by some other form of insurance, and that the plaintiff is

not entitled to recover said expenses pursuant to Alabama Code § 6-5-545.

### Fifteenth Affirmative Defense

This defendant is not guilty of any conduct that would warrant the imposition of punitive damages against it.

### Sixteenth Affirmative Defense

The claim for punitive damages as sought by the complaint is subject to the limitations contained in Alabama Code § 6-11-20 (1975)(Clear and Convincing Evidence Standard), Alabama Code § 6-11-20 (1975)(Punitive Damages), and Alabama Code § 12-21-12(e)(1975)(Substantial Evidence Standard).

### Seventeenth Affirmative Defense

The claim for punitive damages as sought by the complaint violates the Fourteenth Amendment of the Constitution of the United States in that the procedures pursuant to which punitive damages are awarded failed to provide specific standards for the amount of an award of punitive damages thereby violating the defendant's rights of substantive due process.

### Eighteenth Affirmative Defense

The claim for punitive damages as sought by the complaint violates the Fourteenth Amendment of the Constitution of the United States in that the procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of any award against the defendant thereby violating the defendant's rights of substantive due process.

### Nineteenth Affirmative Defense

The claim for punitive damages as sought by the complaint violates the Constitution of the State of Alabama in that the procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of an award of punitive damages thereby violating the

defendants' rights of substantive due process.

### Twentieth Affirmative Defense

The claim for punitive damages as sought by the complaint violates the Constitution of the State of Alabama in that the procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of any award against the defendant thereby violating the defendants' rights of substantive due process.

### Twenty-first Affirmative Defense

Plaintiff's claim for punitive damages is limited by the application of Alabama Code Section 6-11-21(1975), as in force and effect on the date this action was commenced.

### Twenty-second Affirmative Defense

This defendant reserves the right to amend this answer to add any defense which might be subsequently revealed through discovery or otherwise.

## THIS DEFENDANT HEREBY DEMANDS TRIAL BY STRUCK JURY ON ANY ISSUES SO TRIABLE

Respectfully Submitted,

K. Donald Simms (ASB-9801-M63K)

OF COUNSEL:
WHITAKER, MUDD, SIMMS, LUKE & WELLS, L.L.C.
2001 Park Place North
400 Park Place Tower
Birmingham, AL 35203
Ph: 205.639.5300
Fx: 205.639.5350
Em: KeriSimms@mhsolaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of February, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

ATTORNEYS OF RECORD:

Stephen J. Hodges
4865 Spring Ridge Drive
Columbus, Ga 31909
(706) 323-6461
(706) 571-0765          fax
steve@philips-branch.com

J. Benjamin Burns
J. Benjamin Burns, P.C.
818 Broadway
Columbus, Ga 31902
(706) 322-3414
(706) 322-3123          fax
jbenjaminburns@aol.com

_____
OF COUNSEL