IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DONALD FREEMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action |
| ) | |
| vs. ) | File No. 3:08 CV 104 |
| ) | |
| TERRY RAY MITCHELL, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION TO REMAND**

COMES NOW Plaintiff, Donald Freeman, and files this Memorandum in support of his Motion to Remand, showing the Court as follows:

**I.   INTRODUCTION**

This is a civil action brought by Donald Freeman against Defendants Terry Mitchell and Janice Mitchell d/b/a Mitchell Enterprise based on Defendants' actions surrounding a motor vehicle collision that occurred on March 3, 2006 in Russell County, Alabama. Plaintiff Donald Freeman originally filed his lawsuit in the Russell County Circuit Court, State of Alabama on January 17, 2008. Defendants filed an improper Notice of Removal from the Circuit Court of Russell County on February 11, 2008. Plaintiff requests this Court, pursuant to 28 U.S.C. § 1447(c), to remand this case to the Russell County Circuit Court because Defendants claim in their Notice of Removal that there is complete diversity in this case because "upon information and belief, Plaintiff Donald Freeman is a resident of Phenix City, Alabama, Defendant Terry Mitchell is a resident of Georgia, and Defendant

1

Janice Mitchell d/b/a Mitchell Enterprise is a Georgia corporation with its principal place of business in Georgia." (Notice of Removal, Para. 6, Pacer doc. 1.

Defendants' Notice of Removal ignores the fact that at the time of the filing of this action, Plaintiff Donald Freeman was and had been a resident of the State of Georgia for some time (see Affidavit of Donald Freeman, attached as Exhibit A). Thus, there is **NOT** diversity of citizenship in this case. Plaintiff has filed this Motion to Remand within thirty (30) days after the notice of removal was filed as required under 28 U.S.C.§ 1447(c). Plaintiff's substantive claims are governed by state law, and Defendants are subject to the jurisdiction and venue of Russell County Circuit Court.

## II.     PROCEDURAL HISTORY AND FACTUAL BACKGROUND

Plaintiff Donald Freeman filed this case in the Circuit Court of Russell County on January 17, 2008 against Defendants Terry Mitchell and Janice Mitchell d/b/a Mitchell Enterprise. Plaintiff alleged that Defendants' negligence caused severe injuries to Plaintiff's body (Notice of Removal, Exhibit A, Complaint, paragraphs 7, 18, 19, and 34).

On February 11, 2008, Defendants filed their Notice of Removal asserting "diversity of citizenship under 28 U.S.C. § 1332." (Notice of Removal, paragraph 5). Defendant attached to its Notice of Removal copies of the original Complaint and Summons.

Plaintiff's claim does not arise out of the laws of the United States, but rather are controlled by the substantive laws of the State of Alabama. The underlying collision occurred in Russell County, Alabama. This action was properly filed in Russell County, Alabama. Plaintiff is a Georgia resident and the Defendants are both Georgia residents, and all were so situated on the date of the filing of this lawsuit. There was no diversity of citizenship on the date the lawsuit was filed.

2

III.  **ARGUMENT AND CITATION OF AUTHORITY**

The procedural guidelines for a Notice of Removal are set forth in 28 U.S.C. § 1446(a).

This code section provides:

> (a) A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446(a). The federal courts have consistently pointed out that removal statutes are to be narrowly and strictly construed. *Shamrock Oil & Gas Corp v. Sheets,* 313 U.S. 100, 108-09 (1941); *Univ. of S. Alabama v. American Tobacco Co.,* 168 F.3d 405, 411 (11th Cir.1999). Furthermore, all doubts about removal jurisdiction must be resolved in favor of remand. *Univ. of S. Alabama,* 168 F.3d at 411. There is a presumption in favor of remand. *Id.*

Defendants filed their Notice of Removal on February 11, 2008. Following receipt of a Notice of Removal, Plaintiff has the opportunity to file a motion to remand pursuant to 28 U.S.C. § 1447(c). The relevant portion of the code section provides:

> (b) A motion to remand the case on the basis of **any defect** other than lack of subject matter jurisdiction must be made within 30 days after the filing of the Notice of Removal under section 1446(a).

28 U.S.C. § 1446(c)(emphasis added). Plaintiff is given thirty days within which to file a motion to remand based on the defects contained in the Notice to Remove.

3

A decision to remand this case is not subject to an appeal. 28 U.S.C. § 1447(d)(order remanding case to state court is not reviewable on appeal); *Williams v. AFC Enterprises, Inc.*, 389 F.3d 1185, 1187-91 (11th Cir. 2004).

### A. Plaintiff and Defendants were all residents of the State of Georgia at the time of the filing of this action. Therefore, there is no diversity of citizenship.

The burden of showing the propriety of removal always rests with the removing party, and defendant has that burden here. *Getty Oil v. Ins. Co. of North America*, 841 F.2d 1254, 1261 (5th Cir. 1988). If there is doubt as to whether a case is removable, the **doubt should be resolved against removal** and the case should be remanded. *Irving Trust v. Century Export & Import,* S.A., 464 F.Supp. 1232, 1236 (S.D.N.Y. 29779)(emphasis added). There is no diversity of citizenship in this case. Plaintiff is a resident of Georgia (see Affidavit of Donald Freeman), as are both Defendants. (See Notice of Removal, Paragraph 6, infra.). All of the parties were residents of Georgia on the day this lawsuit was filed. Therefore, Defendants have not met their burden of showing that removal is proper.

It is settled law that in a diversity of citizenship action, the parties must be diverse at the time the suit is filed. But cf., Soberay Machine & Equipment Co. v. MRF Ltd., 181 F.3d 759,763 (6th Cir. 1999) ("Although we agree that a party may not create by dropping a nondiverse and indispensable party, we note that it is appropriate to drop a nondiverse and dispensable party from litigation in order to achieve diversity."). It is irrelevant that the parties may have been diverse at the time the cause of action arose. See e.g. Associated Ins. Management Corp. v. Arkansas General Agency, Inc., 149 F. 3d 794 (8th Cir. 1998)

("[W]e determine diversity of citizenship at the time an action is filed."). <u>Rodriguez-Diaz v. Sierra-Martinez,</u> 853 F.2d 1027, 1029 (1st Cir. 1988) ("It is the domicile at the time suit is filed which controls, and the fact that the plaintiff has changed his domicile with the purpose of bringing a diversity action in federal court is irrelevant.").

### IV.   **CONCLUSION**

Plaintiff requests this Court to remand this case to the Circuit Court of Russell County, Alabama. Plaintiff's claims are grounded in State law and do not arise under the laws of the United States. Defendants removed this case solely on the basis of diversity of citizenship. Defendants and Plaintiff are all residents of the State of Georgia, and were so on the date of the filing of this lawsuit. Therefore, no diversity of citizenship exists in this case.

Finally, pursuant to 28 U.S.C. § 1447(c), Plaintiff requests their costs incurred as a result of Defendants' improper removal of this case, as Plaintiff informed Defendants of his residency in Georgia prior to the filing of their Notice of Removal.

This the 5th day of March, 2008.

Respectfully submitted,

/s/ Stephen J. Hodges
PHILIPS BRANCH
Alabama Bar No: ASB-5871-T36H

1415 Wynnton Road
P.O. Box 2808
Columbus, Georgia 31902
706-323-6461

5

/s/ J. Benjamin Burns
J. BENJAMIN BURNS, P.C.
Georgia Bar No. 096525

818 Broadway
P.O. Box 1573
Columbus, Georgia 31902
706-322-3414                                    **Attorneys for Plaintiff**

6

## CERTIFICATE OF SERVICE

This is to certify that I have this date served the foregoing Memorandum of Law in Support of Plaintiff's Motion to Remand by electronic filing and/or by depositing a copy in the United States Mail, with adequate postage affixed, and addressed as follows:

K. Donald Simms, Esq.
James M. Strong, Esq.
*Whitaker, Mudd, Simms, Luke & Wells, LLC*
2001 Park Place North
Suite 400
Birmingham, Alabama 35203
ksimms@wmslawfirm.com
jstrong@wmslawfirm.com

This 5 day of March, 2008.

/s/ Stephen J. Hodges
PHILIPS BRANCH
Alabama Bar No. ASB-5871-T36H
Attorney for Plaintiff

1415 Wynnton Road
P. O. Box 2808
Columbus, GA 31906
(706) 323-6461

7